# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0365V

|  |  |
|---|---|
| DEREK STRAND,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 5, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Emilie Williams, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On March 31, 2020, Derek Strand filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that was administered on November 12, 2018. Petition at 1. On May 12, 2023, I issued a decision awarding compensation to Petitioner for her SIRVA injury, following briefing and expedited Motions Day argument by the parties. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $36,113.50 (representing $35,564.50 for attorney's fees, $539.00 for attorney's costs, and $10.00 for Petitioner's out-of-pocket costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed Oct. 18, 2023, ECF No. 57. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $10.00 in out-of-pocket expenses. ECF No. 58.

Respondent reacted to the motion on November 1, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 59.

On November 8, 2023, Petitioner filed a reply, asserting that briefing was required in this case due to the drastically lower amount originally proposed by Respondent during the parties' informal damages discussions. ECF No. 60. Petitioner maintained that "had the valuation presented by respondent in his memorandum on damages been consistent with what was presented during informal damages discussions, petitioner would not have moved forward with filing briefing in his case." *Id.* at 2.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum.*

2

*Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed by all individuals except those described as "law clerks" through the end of 2023 are reasonable, and consistent with our prior determinations, and will therefore be adopted. The 2020 hourly rate requested for the individuals identified as law clerks, however, requires adjustment.

Although not further identified in the motion, it appears these law clerks are students currently attending law school. *See* ECF No. 57 at 39, 41-42 (using same term to describe work performed by attorneys Christina Ciampolillo, Meredith Daniels, and Patrick Kelly before becoming attorneys practicing in the Vaccine Program, when they likely were attending law school). However, the hourly rate used for the individuals described as law clerks in this case exceeds the student hourly rate paid in other cases - $150. *E.g., Wnuk v. Sec'y of Health & Hum. Servs.,* No. 21-0679V, 2023 WL 4195520, at *2 (Fed. Cl. Spec. Mstr. May 26, 2023). Accordingly, I shall instead compensate the law clerks work at the rate of $150 per hour. This reduces the amount of fees to be awarded by **$70.50**.[3]

### B. Billed Hours

I note this case required additional briefing regarding the issues of entitlement and damages. *See* Petitioner's Motion for Ruling on the Record and Memorandum in Support

---

[3] This amount consists of ($165 - $150) x 4.7 hrs. = $70.50. The entries involved in this reduction are as follows: 1.0 hrs. on 1/24/2020; 2.8 hrs. on 1/25/2020; 0.2 hrs. on 2/6/2020; 0.6 on 10/27/2020; and 0.1 hrs. on 11/23/2020. ECF No. 57 at 6-7, 16, 18.

3

of Damages, filed Sept. 16, 2021, ECF No. 40; Joint Status Report, filed Feb. 17, 2023, ECF No. 46 (reporting an impasse in damages discussions); Petitioner's Amended Memorandum in Support of Damages, filed Mar. 9, 2023, ECF No. 49. Petitioner's counsel expended approximately 15.1 hours on briefing – 7.9 hours drafting his initial motion regarding entitlement and damages and 7.2 hours drafting the later damages brief. ECF No. 57 at 26-27. I find this amount of time to be reasonable.

## ATTORNEY AND PETITIONER COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed attorney costs, except for $21.57 paid for postage and $0.10 for 1 page of in-house copying costs. ECF No. 57 at 26-36. And Respondent offered no specific objection to the rates or amounts sought.

However, Petitioner has provided a receipt for only $8.00 of the $10.00 in out-of-pocket costs he seeks. Nor has he provided an explanation for the additional $2.00. Thus, I will award only the substantiated amount of $8.00. This reduces the amount of costs to be awarded by **$2.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $36,041.00[4] as follows:**

- **A lump sum of $36,033.00, representing reimbursement in the amount of $35,494.00 for attorney's fees and $539.00 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $8.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.